This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38413

STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,

> Petitioner- Appellee,

v.

SAMUEL K.,

> Respondent- Appellant,

and

KIMBERLY M. and AMY B.,

> Respondents,

IN THE MATTER OF LOGAN K.,
LIBERTY K., MAKENZIE K., and
ALEXIS K.,

> Children.

APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY
Matthew G. Reynolds, District Judge

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Jane B. Yohalem
Santa Fe, NM

for Appellant

The Law Office of Shasta N. Inman, LLC
Shasta N. Inman
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Respondent Samuel K. (Father) appeals from the district court's judgment terminating his parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Father filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his MIO, Father continues to argue that the Children, Youth and Families Department (the Department) failed to make reasonable efforts to assist him in alleviating the causes and conditions which brought Children into custody. [MIO 7] Specifically, Father argues the Department's efforts were inadequate because after a psychological evaluation diagnosed Father with bipolar disorder and recommended treatment, "[the Department] did not change Father's treatment plan to include psychiatric treatment." [MIO 7] This argument is unavailing, however, because Father's treatment plan required him to "complete a psychological evaluation and follow all recommendations," the latter of which he failed to do. [1 RP 248; 4 RP 891] Because treatment was recommended as a result of the psychological evaluation, Father's treatment plan was broad enough to address these mental health concerns.

**{3}** To the extent that Father argues that CYFD's efforts were not reasonable because they did not "assist [him] in obtaining . . . treatment" for his bipolar disorder and failed to ask the state of "Colorado to provide services to Father or to supervise Father's services" after he relocated there, we note that "[the Department] is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent." *State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 27, 132 N.M. 299, 47 P.3d 859. Moreover, the record indicates that the Department coordinated a psychological evaluation and provided Father with several referrals, including a referral to Mental Health Partners in Colorado after Father moved. [4 RP 895-99] Under these circumstances, we conclude that substantial evidence supports the district court's determination that the Department made reasonable efforts to assist Father. *See generally In re Eventyr J.*, 1995-NMCA-087, ¶¶ 11-12, 120 N.M. 463, 902 P.2d 1066 (setting forth grounds to terminate parental rights).

**{4}** For the foregoing reasons and the reasons outlined in our notice of proposed disposition, we affirm the termination of Father's parental rights.

**{5}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JULIE J. VARGAS, Judge**